IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

BRIAN SHULMAN,
2319-5 Boston Street
Baltimore, MD 21224,

       Plaintiff,

Vs.

PROGRESSIE COMMERCIAL CASUALTY
COMPANY,
6300 Wilson Mills Road
Mayfield Village, OH 44143,

and

PROGRESSIVE INSURANCE COMPANY,
6300 Wilson Mills Road
Mayfield Village, Ohio 44143,

and

PROGRESSIVE INSURANCE
800 Red Brook Blvd 200
Owings Mills, MD 21117,

and

UNITED FINANCIAL CASUALTY
COMPANY,
747 Alpha Drive, Suite A21
Cleveland, OH 44143,

and

KIRAN S. ROSEN, ESQ,
11350 McCormick Road
Executive Plaza II #601
Hunt Valley, MD 21051,

and

CAMILLA I MCFARLANE, ESQ.
11350 McCormick Road

1

Executive Plaza II #601
Hunt Valley, MD 21051,

and

JEFFREY MOFFET
11350 McCormick Road
Executive Plaza II #601
Hunt Valley, MD 21051,

and

JOHN DOE DEFENDANTS 1-5
11350 McCormick Road
Executive Plaza II #601
Hunt Valley, MD 21051,

                Defendants.

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Mr. Brian Shulman herein brings this individual and class action complaint against the enumerated defendants above for Defamation , Legal Malpractice, Fraud, Intentional Misrepresentation, Respondeat Superior, seeking Class Action treatment stemming from the defendants suborning of perjury to the sole benefit of Progressive Insurance from Plaintiff and engaging in a pattern and practice of such conduct to the detriment of Progressive's insureds to the benefit of Progressive Insurance.

### A. PARTIES AND JURISDICTION

1. Plaintiff Brian Shulman is an individual living in the State of Maryland who, at all times herein, was insured by Progressive Insurance.

2. Progressive Commercial Casualty Company is an automobile insurance provider that sells insurance policies in the State of Maryland and provides inside and outside counsel to defend claims brought by third-parties against its insured customers and is a subsidiary of Progressive Insurance Company.

3. Defendant Progressive Insurance Company is the parent company of Defendant Progressive Insurance, and, upon information and belief, establishes policies and procedures for Defendant Progressive Insurance, and directs how Defendant Progressive Insurance, conducts itself in litigation.

4. Defendant Progressive Insurance is an automobile insurance provider that sells insurance policies in the State of Maryland and provides inside and outside counsel to defend claims brought by third-parties against its insured customers and is a subsidiary of Progressive Insurance Company.

5. United Financial Casualty is an automobile insurance provider that sells insurance policies in the State of Maryland and provides inside and outside counsel to defend claims brought by third-parties against its insured customers and is a subsidiary of Progressive Insurance Company.

6. Kiran S. Rosen, Esquire is an attorney licensed to practice law in the State of Maryland who provides services as in-house counsel for Progressive in defending Progressive's insureds in litigation.

7. Camilla I. McFarlane, Esquire is an attorney licensed to practice law in the State of Maryland who provides services as in-house counsel for Progressive in defending Progressive's insureds in litigation.

8. Jeffrey Moffet, Esquire is an attorney licensed to practice law in the State of Maryland who provides services as in-house counsel for Progressive in defending Progressive's insureds in litigation. Mr. Moffet is the supervising attorney for litigation for Progressive.

9. John Doe Defendants 1-5 represented Mr. Shulman at all times herein and are also in-house counsel for Progressive Insurance.

10. This Court has personal jurisdiction over the Defendants pursuant to Maryland Code, Courts and Judicial Proceedings, § 6-103, because the cause of action arose in the State of Maryland.

11. This Court has subject matter jurisdiction over the Defendants pursuant to Maryland Code, Courts & Judicial Proceedings, § 4-401(1), because the total amount in controversy is in excess of $30,000.

12. Venue lies with the Circuit Court for Baltimore County pursuant to Maryland Code, Courts and Judicial Proceedings, § 6-201 because Defendants reside in Baltimore County, Maryland.

### A. FACTS COMMON TO ALL COUNTS

13. On December 23, 2016, SCMD, LLC and A&B Holdings, LLC was sued in the Circuit Court for Baltimore City, MD, regarding an alleged automobile accident in Case No.: 24-C-007017.

14. Defendants represented SCMD, LLC and A&B Holdings, LLC in the ensuing litigation.

15. Plaintiff Brian Shulman was the corporate designee of both entities in that litigation.

16. Mr. Shulman is well known in the community and is the owner of several properties.

17. Mr. Shulman was one of the owners of SCMD, LLC and A&B Holdings, LLC.

18. As Mr. Shulman is well known in the community and subject to frivolous lawsuits because of this knowledge, Mr. Shulman has been involved in 18 lawsuits since 2006, averaging 1.4 lawsuits a year.

19. In the course of that litigation, Defendants required Mr. Shulman to execute answers to interrogatories. In those answers, drafted by Defendants, their agents at the direction

4

of Progressive and its subsidiaries, Mr. Shulman denied that the alleged accident that was the subject of the lawsuit filed on December 23, 2016, occurred in 11 separate responses.

20. Mr. Shulman executed those answers to interrogatories provided by defendants under penalties of perjury.

21. On the eve of trial, Defendants, through their agents and at the direction of Progressive and its subsidiaries, made the determination to change their strategy and rather than contest liability, chose to contest only damages.

22. Though completely unnecessary, Defendants, through their agents and at the direction of Progressive and its subsidiaries, required Mr. Shulman to sign an affidavit under oath accepting liability for the accident that allegedly occurred which was the subject of the lawsuit assigned case number 24-C-16-007017.

23. In convincing Mr. Shulman to sign this affidavit, Defendants, through their agents and at the direction of Progressive and its subsidiaries, told Mr. Shulman that if he did not sign the affidavit, he would subject to damages which would not be covered by his insurance limits.

24. Defendant's Rosen, McFarlane, Moffett, and John Doe Defendants 1-5, all participated in the decision to have Mr. Shulman sign the interrogatories and affidavit under oath.

25. Defendants Rosen, McFarlane, and Moffet repeatedly assured Mr. Shulman that the interrogatories and affidavit would not be admissible at trial and could not be introduced or used against Mr. Shulman or the defendants in that case.

26. Mr. Shulman repeatedly sought this assurance and repeatedly told Defendants Rose, McFarlane, and Moffet that because of Mr. Shulman's stature in the community, he was

regularly subject to frivolous lawsuits that are brought seeking damages in the millions of dollars on a regular basis.

27. Defendants Rose, McFarlane, Moffet, and the John Doe Defendants 1-5, ignored these facts and rather than represent Mr. Shulman's interests, chose to represent Progressive's interests alone.

28. Defendants Rosen, McFarlane, Moffet, and John Doe Defendants 1-5, repeatedly told Mr. Shulman that having Progressive's insureds sign affidavits contradicting discovery responses was part of their normal practice in defending Progressive against damages rather than liability in litigation.

29. The affidavit Defendants, through their agents and at the direction of Progressive and its subsidiaries, required Mr. Shulman to sign was utterly unnecessary in order to proceed to the damages claim in state litigation.

30. The affidavit was protected by attorney work product and attorney-client privileges.

31. Defendants, through their agents and at the direction of Progressive and its subsidiaries, made the decision to provide the affidavit to Plaintiff's Counsel.

32. At the trial for damages, Plaintiff's Counsel produced the interrogatories and affidavit Defendants, through their agents and at the direction of Progressive and its subsidiaries, required Mr. Shulman to sign and repeatedly called Mr. Shulman dishonest and a liar based on these two documents.

33. Defendants Rosen, McFarlane, Moffet, and John Doe Defendants 1-5 made no objections whatsoever to the introduction of these documents at trial.

34. When confronted by Mr. Shulman during a recess regarding the introduction of the interrogatories and affidavit at the trial, Defendants stated and agreed that they would "fix" that problem in rebuttal.

35. Defendants did not comment at all regarding the introduction of the interrogatories and affidavit during their rebuttal.

36. The verdict at trial returned a judgment in favor of Plaintiff in the amount of $160,000.00.

37. Mr. Shulman contacted Defendant's Rosen, McFarlane, and Moffet after the trial about the interrogatories and affidavit being used at trial to state that Mr. Shulman lied under oath in these two documents. The response was by each of these defendants was, again, that this is the standard practice of Progressive when representing Progressive's insureds.

38. Mr. Shulman is now at risk in any litigation that occurs in the future, of being discredited in his testimony in any case Mr. Shulman is a party to including cases involving his businesses and actions that involve him personally.

39. Mr. Shulman regularly faces actions that involve hundreds-of-thousands, and millions of dollars in alleged damages.

## B. CAUSES OF ACTION

### COUNT 1 - DEFAMATION

40. Plaintiff herein incorporates paragraphs 1 – 39 as if fully set forth herein.

41. Defendants jointly caused to be published a statement to the public, under threat and duress, in the form of answers to interrogatories and an affidavit protected by privilege and work product, resulting in claims that Mr. Shulman was a liar and repeatedly lied under oath.

42. Defendants prepared, required Mr. Shulman to sign under threat and duress, and submitted to the public a false statement that either the accident subject to the litigation in Case No.: 24-C-007017, both happened and didn't happen.

43. Defendants were legally at fault for making the statements in that they coerced Mr. Shulman in signing them both illegally, under threat and duress, and in violation of both law and the rules of professional responsibility.

44. Mr. Shulman has suffered harm as a result of Defendants' action in that he is now subject to public scorn of having been called a liar and dishonest and is at risk of this same conduct in every existing, pending, and potential litigation in the future.

## COUNT 2 – LEGAL MALPRACTICE

45. Plaintiff herein incorporates paragraphs 1 – 44 as if fully set forth herein.

46. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5 each owed a duty to Mr. Shulman to represent his best interests to the exclusion of all others, to act as a reasonably competent attorney.

47. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, breached that duty by representing Progressive's best interest to the exclusion of Mr. Shulman's, but making threats of impossible damages to threaten and coerce Mr. Shulman into signing two documents under oath that directly contradicted each other, and by suborning perjury in the preparation of the documents and forcing Mr. Shulman to sign them under threat and duress.

48. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, took these steps after being aware of the fact that Mr. Shulman is repeatedly and regularly subject to lawsuits wherein significant damages are often claimed.

49. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, ignored the specialized facts pertaining to Mr. Shulman and acted in Progressive's best interests in forcing Mr. Shulman to sign these two documents under oath and subject to penalties of perjury where these two documents are diametrically opposed.

50. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, repeatedly stated during the coercion of Mr. Shulman into signing these contradictory documents under oath, that it is all Defendants' policy to act in such a manner and that Defendants' regularly have Defendants' insureds sign such documents.

51. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, engaged in an illegal act in the suborning of perjury under threat and duress to the detriment of Mr. Shulman.

52. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, assured Mr. Shulman repeatedly that the contradictory statements signed under penalties of perjury that Defendants coerced Mr. Shulman into signing was not admissible at trial and would not be made public.

53. The documents executed under penalties of perjury were made public and introduced at trial without any objection from Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5.

54. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, when confronted by Mr. Shulman, promised to "fix" the introduction of said documents in rebuttal.

55. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, did not address the documents in rebuttal.

56. After the trial, Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, again told Mr. Shulman that having insureds sign such documents under oath was the standard practice for all Defendants' as directed by the corporate Defendants.

57. It is in the public interest and required that attorneys represent their clients rather than corporate interests.

58. It is in the public interest and required that attorneys do not suborn perjury from their clients.

59. It is in the public interest and required that attorneys address the specific needs and circumstances of their clients rather than corporate interests.

60. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, violated the public interest and their duty to Mr. Shulman by representing Progressive's interests rather than Mr. Shulmans, by suborning perjury to threaten and coerce Mr. Shulman to sign contradictory, sworn statements under penalties of perjury to achieve progressive's goals to the detriment of Mr. Shulman, and by ignoring the fact that Mr. Shulman is unusually subject to significant legal action which requires that his testimony and integrity be above reproach in defending those legal actions.

61. In conversation with Defendant Moffet after the trial, Mr. Moffet acknowledged that if he had signed the documents that Mr. Shulman signed, that Mr. Moffet would no longer be permitted to practice law.

62. The implicit acknowledgment indicates that the individual and corporate defendants regularly have their insureds sign affidavits that contradict sworn interrogatory responses, and submit those contradictory documents subject to public inspection to the benefit

of the corporate defendants and detriment to their insureds, who are now subject to allegations of perjury in all future judicial proceedings.

### COUNT 3 – FRAUD

63. Plaintiff herein incorporates paragraphs 1-62 as if fully set forth herein.

64. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, owed Plaintiff a legal duty to act in his interests and represent him in litigation as Mr. Shulman's attorneys.

65. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, repeatedly breach that duty in the course of their representation of Mr. Shulman.

66. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, threatened and coerced Mr. Shulman into signing two contradictory, worn statements under penalties of perjury by threatening that if he did not, he would be subject to significant financial damages, and that Progressive would not protect him from that liability.

67. Mr. Shulman was, at no time, subject to that kind of liability.

68. As part of the coercion, Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, promised Mr. Shulman that the sworn statements that contradicted each other would not be made to the public and would not be admissible at trial.

69. Mr. Shulman relied on the representations made by Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5 that he was subject to liability beyond the insurance limits, and that the sworn statements that contradicted each other would not be made to the public and would not be admissible at trial when he executed those two documents.

70. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, then provided the affidavit to opposing counsel, despite the presentation of that affidavit being completely unnecessary to achieve the stated purpose of contesting damages rather than liability.

71. When those sworn statements were introduced at trial, Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, did not make a single objection as to their introduction.

72. During recess Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, informed Mr. Shulman that they would "fix" the introduction of those documents on rebuttal.

73. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, did not address the introduction of those documents on rebuttal.

74. Defendant Moffet acknowledged that this conduct, if forced upon him, would result in his inability to practice law.

75. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5's actions violated Mr. Shulman's confidence and injuries the public interest.

76. It is in the public interest that attorneys represent their clients rather than corporate interests.

77. It is in the public interest that attorneys do not suborn perjury from their clients.

78. It is in the public interest that attorneys address the specific needs and circumstances of their clients rather than corporate interests.

79. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, violated the public interest by representing Progressive's interests rather than

Mr. Shulmans, by suborning perjury to threaten and coerce Mr. Shulman to sign contradictory, sworn statements under penalties of perjury to achieve progressive's goals to the detriment of Mr. Shulman, and by ignoring the fact that Mr. Shulman is unusually subject to significant legal action which requires that his testimony and integrity be above reproach in defending those legal actions.

80.     Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5, acknowledge that this breach of legal duty to the corporate defendants' insureds is the standard practice in representing Progressive's insureds.

81.     Moreover, Defendants acknowledged that if the attorneys representing the insureds were subject to this practice, that the attorneys could no longer practice law. This demonstrates a knowledge of the impropriety of this conduct, as well as its illegality.

## COUNT 4 - INTENTIONAL MISREPRESENTATION

82.     Plaintiff herein incorporates paragraphs 1- 81 as if fully set forth herein.

83.     Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5 made several false representations of material facts to Plaintiff in order to coerce Plaintiff into signing contradictory, sworn statements subject to penalties of perjury.

84.     Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5 threatened and coerced Plaintiff into signing these documents by telling Plaintiff that he was at substantial risk of being subject to significant financial damages for which Progress could not cover him if he did not sign the affidavit that contradicted the sworn discovery responses.

85.     This statement was not true.

86. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5 informed Plaintiff that the contradictory sworn statements were not admissible at trial and could not be used against him.

87. This statement was not true.

88. Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5 knew these statements were not true and engaged in these falsities solely to threaten and coerce Plaintiff into signing contradictory, sword statements, subject to penalties of perjury.

89. Knowledge by Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5 that their statements were not true is implicit in the fact that suborning perjury is illegal, and the fact that none of these defendants objected to the introduction of these documents at trial.

90. These statements were made with the intent to defraud Plaintiff and coerce and threaten him into signing the documents.

91. Plaintiff relied on these statements by his attorneys with justification as he properly believed that his attorneys were representing his interests. They were not.

92. Plaintiff has suffered harm as a result of Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5's conduct in that Plaintiff's testimony is now subject to allegations of dishonesty in sworn statements where Plaintiff is sued on average 1.4 times a year for significant damages.

93. As a result, Plaintiff's harm amounts to potentially millions of dollars.

## COUNT 5 - RESPONDEAT SUPERIOR

94. Plaintiff herein incorporates paragraphs 1 – 93 as if fully set forth herein.

95.    Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5 are employed by Progressive through its parent and subsidiaries.

96.    The acts stated above and committed by Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5 cause significant injury and harm to Plaintiff.

97.    The acts stated above were committed in accordance with Progressive's own policies and procedures.

98.    The above stated actions were committed in the course of Defendants Kiran S Rosen, Camilla I McFarlane, Jeffrey Moffet, and John Doe Defendants 1-5 the scope of their duties while ostensibly representing Progressive's insureds.

99.    The corporate defendants are therefore subject to respondeat superior liability.

WHEREFORE, Plaintiff Brian Shulman seeks compensatory and punitive damages in excess of $25,000,000.00, plus interests, costs, and attorneys' fees from Defendants jointly and severally, and any further relief the court may provide that is just and reasonable.

## COUNT 6 – CLASS ACTION ALLEGATIONS

100.    Plaintiff herein incorporates paragraphs 1-99 as if fully set forth herein.

101.    In acknowledging that it is Defendants' policy to regularly require their insureds to sign contradictory sworn statements, Defendants have demonstrated that there is a significant class made up of all insureds of Defendants' whom have been represented by Progressive's counsel.

102.    It is not practicable for all of the proposed class members to join this action as progressive is a significant provider of automobile insurance policies in the state and in the country.

103. The questions of law and fact are common for each of the potential class members and involve:

   a. Whether Progressive regularly implements a policy wherein its insureds are required to sign contradictory sworn statements under penalties of perjury subjecting those insureds to criminal prosecution and a disadvantage in any future litigation;

   b. Whether Maryland citizens insured by Progressive and its subsidiaries are subject to coercion in executing sworn, contradictory statements subject to penalties of perjury;

   c. Whether Progressive suborns perjury to the benefit of Progressive and to the detriment of its insureds.

104. The claims and defenses of Mr. Shulman are typical of the claims and defenses of the class as the stated policy by Defendants is the standard practice by Progressive in defending its insureds.

105. Mr. Shulman will fairly and adequately protect the interests of the class.

106. The prosecution of separate actions by the potential class members would result in inconsistent or varying adjudications with respect to the individual members of the class that would establish incompatible standards of conduct for Defendants.

107. The adjudication of this matter with respect to individual members of the class would, as a practical matter be dispositive of the interests of the other members not party to the adjudication as this matter involves a stated standard policy of Defendants.

108. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members in that the common fact is whether

Progressive, through its agents and subsidiaries, suborns perjury from its insureds to protect its own interests to the detriment of the insureds.

WHEREFORE, Class Plaintiff respectfully requests that this Court certify a class action and requests Judgment for Plaintiff and members of his class against Defendant for:

a. Compensatory damages in an amount equal to all dollars paid by Class Plaintiff and the class members to Defendant;

b. Punitive damages;

c. Costs and all other damages suffered by Plaintiff and members of the class;

d. Appropriate injunctive and declaratory relief to protect current, and putative class members from further damage by Defendants.

Respectfully submitted,

*/s/ Ken C. Gauvey*

Ken C. Gauvey (0706110074)
Law Practice of Ken C. Gauvey
P.O. Box 23691
Baltimore, MD 21203
410.346.2377
kgauvey@gauveylaw.com

### DEMAND FOR JURY TRIAL

Plaintiff herein demands a jury trial on all issues.

*/s/ Ken C. Gauvey*
Ken C Gauvey