IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| BRIAN SHULMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PROGRESSIVE COMMERCIAL CASUALTY COMPANY, PROGRESSIVE INSURANCE COMPANY, PROGRESSIVE INSURANCE, UNITED FINANCIAL CASUALTY COMPANY, KIRAN S. ROSEN, ESQ., CAMILLA I. MCFARLANE, ESQ., JEFFREY MOFFET, and JOHN DOE DEFENDANTS 1-5,<br><br>*Defendants*. | Case No.:  1:19-cv-01709-DKC |

**DEFENDANTS PROGRESSIVE COMMERCIAL CASUALTY COMPANY'S, PROGRESSIVE INSURANCE COMPANY'S, PROGRESSIVE INSURANCE'S AND UNITED FINANCIAL CASUALTY COMPANY'S
<u>MEMORANDUM IN OF LAW IN SUPPORT OF MOTION TO DISMISS</u>**

Defendants Progressive Commercial Casualty Company, Progressive Insurance Company, Progressive Insurance,[1] and United Financial Casualty Company (collectively, "Progressive") hereby submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff Brian Shulman's ("Shulman" or "Plaintiff") Class Action Complaint (the "Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.     BACKGROUND**

This suit arises from an automobile accident related personal injury action brought against two companies, SCMD, LLC and A&B Holdings, LLC (the "Companies"), on December

---

[1] Progressive Insurance Company and Progressive Insurance are not legal or corporate entities capable of being sued.

1

23, 2016, in the Circuit Court for Baltimore Country MD (the "Personal Injury Action").  Compl. ¶¶ 13, 15, Dkt. No. 3.  Plaintiff alleges that Progressive and Defendants Kiran Rosen, Camilla McFarlane and Jeffrey Moffet (collectively, the "Individual Defendants") "represented" the Companies in the Personal Injury Action.  *Id*. ¶ 14.  Plaintiff does not allege that he was a party to the Personal Injury Action or that he was personally represented by Progressive or the Individual Defendants. Rather, Plaintiff alleges that he was "one of the owners" of the Companies and acted as a "corporate designee" for the Companies in the Personal Injury Action.  *Id*. ¶¶ 15, 17.

During the course of the Personal Injury Action, Plaintiff allegedly executed, under penalty of perjury, interrogatory responses, which denied that the automobile accident at issue occurred.  *Id*. ¶¶ 19, 20.  On the eve of trial in the Personal Injury Action, Defendants allegedly changed strategy to contest only damages and allegedly required Plaintiff sign an affidavit "accepting liability" for the accident.  *Id*. ¶¶ 21, 22.  At trial, plaintiff's counsel allegedly produced the interrogatories and affidavit and called Plaintiff "dishonest and a liar" based on the purported contradictory nature of the sworn statements in the interrogatories and affidavit.  *Id*. ¶ 32.  Plaintiff does not allege that the statements contained in either document were false or otherwise state in the Complaint whether the underlying accident occurred.  Instead, based simply on the alleged contradictory nature of the statements contained in these documents, and purported aspersions made by plaintiff's counsel in the Personal Injury Action, a non-party to this action, Plaintiff asserts a class action pleading a host of baseless claims including defamation, legal malpractice, fraud and intentional misrepresentation against Progressive and the Individual Defendants.  Because Plaintiff fails to adequately plead his claims, his Complaint must be dismissed.

**II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is to accept all well-pled facts as true.  To withstand a motion to dismiss, the burden is on Plaintiff to allege facts that raise a right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (while "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012).  In order to avoid dismissal, Plaintiff must allege "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and quotations omitted).  Factual allegations that are "merely consistent with" or that are simply "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  The necessity of ensuring that a complaint contains factual allegations stating a "plausible" claim for relief is particularly important when a plaintiff seeks to bring a "potentially massive . . . controversy" through multi-state class action litigation, like Plaintiff does here.  *See Twombly*, 550 U.S. at 558.

    **A.   Plaintiff's Defamation Claim Should Be Dismissed.**

To state a claim for defamation under Maryland law "a plaintiff must establish four elements: (1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Offen v. Brenner*, 402 Md. 191, 198, 935 A.2d 719, 723–24 (2007).  While Maryland recognizes two categories of defamation—defamation *per se* and defamation *per quod*—Plaintiff only attempts to plead a defamation *per quod* cause of

3

action.[2]  *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536 (D. Md. 2019).  In defamation *per quod* claims courts, require that the plaintiff plead actual damages.  *Gooch v. Maryland Mech. Sys., Inc.*, 81 Md. App. 376, 395, 567 A.2d 954, 963 (Ct. Spec. App. 1990).

Plaintiff's defamation *per quod* claim fails for either of the following two reasons: (1) Plaintiff fails to allege a claim; or (2) the absolute litigation privilege bars Plaintiff's claim.

### 1. Plaintiff does not sufficiently plead a claim for defamation.

Plaintiff does not adequately plead the elements of a defamation claim.  First, Plaintiff does not plead a defamatory statement.  A defamatory statement "is one that tends to expose a person to 'public scorn, hatred, contempt, or ridicule,' which, as a consequence, discourages 'others in the community from having a good opinion of, or associating with, that person.'"  *Piscatelli v. Van Smith*, 424 Md. 294, 306, 35 A.3d 1140, 1147 (2012) (quoting *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 441, 966 A.2d 432, 448 (2009)).  Plaintiff alleges that Progressive "caused to be published a statement to the public … in the form of answers to interrogatories and an affidavit."  Compl. ¶ 41.  Plaintiff does not allege what about the interrogatories or affidavit was defamatory or who Progressive allegedly made the statement to.  *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 757 (D. Md. 2015) ("To satisfy federal pleading standards, a plaintiff must specifically allege each defamatory statement."); *see also Estate of Jones v. St. Thomas More Nursing & Rehab Ctr.*, No. PJM-09-1419, 2009 WL 3247929, at *3 (D. Md. Oct. 1, 2009) ("Although a plaintiff need not plead a defamation claim under the

---

[2] Statements that are defamatory *per se* are those in which the defamatory quality is apparent from the words themselves.  *Laws v. Thompson*, 78 Md. App. 665, 683-84, 554 A.2d 1264, 1274 (Ct. Spec. App. 1989), *cert. denied*, 316 Md. 428, 559 A.2d 791 (1989).  Plaintiff does not allege defamation *per se* because the basis of his defamation claim is contradictory statements in court proceedings, not specific words themselves.  A statement qualifies as defamation *per quod* where the defamatory nature of the statement must be shown by extrinsic facts and innuendo.

4

heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, the pleadings in a defamation case must still be sufficiently detailed to enable a defendant to appropriately respond."). Because Plaintiff merely makes general reference to the contradictory nature of the affidavit and interrogatory responses, and does not allege what was defamatory about the statements in those documents, Plaintiff fails to adequately plead his claim.

Second, Plaintiff does not allege a false statement. *Batson v. Shiflett*, 325 Md. 684, 726, 602 A.2d 1191, 1212 (1992). Plaintiff alleges that Progressive "submitted to the public a false statement that either the accident subject to the litigation in Case No.: 24-C-007017, both happened and didn't happen." Compl. ¶ 42. Even assuming the interrogatory responses and affidavit contradict each other with respect to whether the accident occurred, which Progressive does not concede, Plaintiff does not identify which document contains a false statement. Moreover, Plaintiff's Complaint is bare of any allegations concerning whether the underlying accident did or did not occur. Plaintiff therefore has not alleged whether the statements in the affidavit or interrogatory responses are false, a crucial element of his claim. At best, Plaintiff alleges that the documents contain contradictory statements, which is not sufficient to allege a claim for defamation.

Third, Plaintiff does not adequately allege that Defendants made the statement to a third person or were legally responsible for making the statements. Plaintiff's only allegation relating to the publication of defamatory statements relate to statements made by plaintiff's counsel in the Personal Injury Action, not a Defendant in this action. Compl. ¶¶ 32-33. Further, Plaintiff does not allege that Progressive was negligent in making the alleged statements or that the alleged statements were made with malice. *See Shapiro v. Massengill*, 105 Md. App. 743, 772, 661 A.2d 202, 217 (Ct. Spec. App. 1995) ("'Fault' for the purposes of the prima facie case [of

defamation], may be based either on negligence or constitutional malice."). Plaintiff merely recites an element of his claim, *i.e.*, that "Defendants were legally at fault for making the statement[]." Compl. ¶ 43. Plaintiff's allegation that it was a non-party that published the defamation and his bare recitation of the elements of the cause of action are insufficient to support a claim for defamation.

Finally, Plaintiff does not adequately plead harm. In defamation *per quod* claims "[d]amages based only on 'speculation or conjecture are not recoverable,' and, at the motion to dismiss stage, damages must be alleged at least with sufficient particularity to 'put[ ] the defendant on notice of the manner, nature and extent of injury.'" *Clayton v. Fairnak*, No. JKB-18-2134, 2018 WL 6446440, at *4 (D. Md. Dec. 10, 2018) (citations omitted) (holding plaintiff failed to sufficiently allege special damages as required in cases of alleged defamation *per quod*). Here, Plaintiff alleges that he suffered "public scorn of having been called a liar and dishonest and is at risk of this same conduct in every existing, pending, and potential litigation in the future." Compl. ¶ 44. These allegations of damages based on some potential future event are "wholly unsupported by any specific facts and, therefore, amounts to pure 'speculation and conjecture.'" *See Clayton*, 2018 WL 6446440, at *4. Indeed, Plaintiff fails to allege any facts demonstrating how he was harmed during the court proceeding or that anyone outside the underlying litigation even knew of the allegedly contradictory statements or statements by plaintiff's counsel. Accordingly, the Complaint fails to allege actual damages as required in claims for defamation *per quod* and should be dismissed.

### 2. Plaintiff's claim is barred by the absolute litigation privilege.

Maryland recognizes an absolute privilege for attorneys who publish allegedly defamatory material during the course of a judicial proceeding. *Holt v. Camus*, 128 F. Supp. 2d

812, 815 (D. Md. 1999); *Rosenberg v. Helinski*, 328 Md. 664, 676, 616 A.2d 866, 872 (1992). Statements uttered in the course of a trial or contained in pleadings, affidavits, depositions and other documents directly related to a case partake of this privilege and cannot serve as the basis for an action for defamation. *Holt*, 128 F. Supp. 2d at 815 (citing *Gill v. Ripley*, 352 Md. 754, 761-62, 724 A.2d 88, 92 (1999)). The privilege is "broad and comprehensive" and applies irrespective of whether the statements contain erroneous allegations of fact. *Keys v. Chrysler Credit Corp.*, 303 Md. 397, 404, 494 A.2d 200, 203 (1985). The existence of the privilege is a question of law for the court. *Gohari v. Darvish*, 363 Md. 42, 73-74, 767 A.2d 321, 338 (2001).

Notwithstanding that Plaintiff has not adequately pled his defamation claim, all of Plaintiff's allegations of defamation pertain to statements contained in interrogatory responses or an affidavit directly related to the Personal Injury Action, and allegedly provided to opposing counsel during the course of that litigation. *See* Compl. ¶¶ 15, 19, 21-22, 31-32, 41-42. These statements are subject to the absolute litigation privilege and cannot form the basis of a defamation claim. Accordingly, Plaintiff's defamation claim fails as a matter of law.

  **B.**  **Plaintiff's Claim for Legal Malpractice Should Be Dismissed.**

To state a claim for legal malpractice under Maryland law, Plaintiff must demonstrate "(1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) loss to the client proximately caused by that neglect of duty." *Thomas v. Bethea*, 351 Md. 513, 528–29, 718 A.2d 1187, 1195 (1998). Plaintiff does not adequately plead any of these elements.

First, Plaintiff does not allege that he was a client of the attorney defendants.[3] "As a general rule, an attorney owes a duty of diligence and care only to his direct client/employer."

---

[3] Plaintiff asserts his claim for legal malpractice against "Defendants" generally. To the extent Plaintiff is asserting a claim for legal malpractice against Progressive directly, that claim fails as Progressive is not an attorney. To the extent Plaintiff is asserting a claim for legal malpractice

*Goerlich v. Courtney Indus., Inc.*, 84 Md. App. 660, 663, 581 A.2d 825, 827 (Ct. Spec. App. 1990) (citation omitted). Maryland adheres to the strict privity rule, and as such only a client or employer can recover against an attorney for professional negligence. *See Kendall v. Rogers*, 181 Md. 606, 611-12, 31 A.2d 312, 315 (1943); *Noble v. Bruce*, 349 Md. 730, 738, 709 A.2d 1264, 1268 (1998) (noting that, "in attorney malpractice cases, Maryland generally adheres to the strict privity rule").[4] Plaintiff expressly states that Defendants represented A&B Holdings, LLC and SDMD, LLC in the Personal Injury Action that forms the basis of Plaintiff's allegations. *See* Compl. ¶¶ 13, 14. Plaintiff's failure to allege that he was the client of or was otherwise represented by the Individual Defendants dooms his legal malpractice claim.

While Plaintiff alleges that he was "one of the owners" and "corporate designee" of the Companies represented by the attorney defendants, Maryland law is clear that a right of action held by a company does not extend to the owner of that company. *Norman v. Boris*, 192 Md. App. 405, 422, 994 A.2d 1019, 1029 (Ct. Spec. App. 2012) ("Where [a] company holds a right of action in tort th[e] right does not extend to the company's owners, just as a cause of action that belongs to an owner individually [does] not extend to the company."). Accordingly, Plaintiff has not adequately plead that he was a client of any of the Defendants such that he can plead a legal malpractice claim.

---

against Progressive under a vicarious liability standard, that claim also fails for the above reasons.

[4] The sole exception Maryland courts have recognized to the strict privity rule in professional negligence cases is the third party beneficiary theory, which requires a plaintiff to "allege and prove that the intent of the client to benefit the nonclient was a direct purpose of the transaction or relationship [between the client and the attorney]." *Flaherty v. Weinberg*, 303 Md. 116, 130-31, 492 A.2d 618, 625 (1985). The test for third-party recovery is "whether the intent to benefit actually existed, not whether there could have been an intent to benefit the third party." *Id.* at 131. Here, Plaintiff fails to allege that he was an intended beneficiary of the relationship between the Companies and the Defendants.

Second, Plaintiff does not adequately allege a breach of duty. "To maintain an action for professional [or any form of] malpractice, a plaintiff must first satisfy the threshold requirement of alleging and proving the existence of a duty between the plaintiff and the defendant." *Goerlich*, 84 Md. App. at 663, 581 A.2d at 827; *Doe v. Pharmacia & Upjohn Co.*, 388 Md. 407, 414 (2005) (noting that a threshold question in a negligence action is whether the defendant owes a legally cognizable duty to the injured plaintiff); *Flaherty*, 303 Md. at 134, 492 A.2d at 627 (holding that, "regardless of whether a plaintiff brings an attorney malpractice action in contract or tort, he must allege and prove the existence of a duty between the plaintiff and defendant in the first instance"). As discussed above, Plaintiff does not allege, and is not in fact, the client of any of the Defendants. Accordingly, Defendants do not owe a duty to Plaintiff. *Goerlich*, 84 Md. App. at 663, 581 A.2d at 827. Because Plaintiff fails to allege any duty owed to Plaintiff that would support his claim for legal malpractice, Plaintiff's malpractice claim fails.

Finally, Plaintiff does not adequately allege loss. Plaintiff alleges that as a result of the purported malpractice of the attorney defendants he is "now subject to allegations of perjury in all future judicial proceedings." Compl. ¶ 62. Plaintiff's unsupported "loss" is at best highly speculative. *Kleban v. Eghrari–Sabet*, 174 Md. App. 60, 95, 920 A.2d 606, 627 (Ct. Spec. App. 2007) (finding damages based on "speculation or conjecture are not recoverable"); *Pickett, Houlon & Berman v. Haislip*, 73 Md. App. 89, 104, 533 A.2d 287, 294 (Ct. Spec. App. 1987). Because Plaintiff fails to adequately plead a loss as a result of the alleged malpractice, Plaintiff's claim should be dismissed.

  **C. Plaintiff's Claims for Fraud and Intentional Misrepresentation Should be Dismissed.**

To prevail on a fraud or intentional misrepresentation claim under Maryland law Plaintiff must prove that: "(1) a representation made by a party was false; (2) its falsity was known to that

party or the misrepresentation was made with reckless indifference to truth; (3) the misrepresentation was made for the purpose of defrauding the plaintiff; (4) the plaintiff relied upon the misrepresentation and had the right to rely upon it with full belief of its truth; and (5) [ ] the plaintiff suffered damage directly resulting from the misrepresentation." *Dean v. Beckley*, No. CCB–10–297, 2010 WL 3928650, at *4 (D. Md. Oct. 1, 2010) (elements for fraud). *Hoffman v. Stamper*, 385 Md. 1, 28, 867 A.2d 276, 292 (2005) (elements for intentional misrepresentation). Plaintiff's fraud or intentional misrepresentation claim is subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard.

Rule 9(b) requires that "the circumstances constituting fraud be stated with particularity." *Id*. The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1074 (D. Md. 1991). *Yarn v. Hamburger Law Firm, LLC*, No. RBD-12-3096, 2013 WL 5375462, at *3 (D. Md. Sept. 24, 2013). To satisfy this rule, Plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments, specifying which Defendant or Defendants is or are supposedly responsible for those statements or omissions." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). Plaintiff does not meet this heavy burden.

      **1.**     **Plaintiff does not plead his fraud claim with particularity.**

Plaintiff's claims for fraud and intentional misrepresentation should be dismissed because he fails to plead his claims with particularity. First, Plaintiff attributes allegedly false representations that underpin his claims to multiple defendants, including five unnamed "John Doe Defendants," without identifying which of the named Defendants allegedly made the representations at issue. Moreover, Plaintiff does not identify with any precision the "date, place

10

and time" of the allegedly false representations. *Johnson*, 492 F. Supp. 2d at 509. Similarly, and as discussed more fully below, Plaintiff does not plead damages with particularity. Defendants are left guessing as to the details of who made the alleged false representations or when and where those representations were made, and how Plaintiff was harmed by those representations. Because Plaintiff's claims are not plead with particularity they should be dismissed.

        **2.**      **Plaintiff does not plead an intention to defraud.**

An essential element of Plaintiff's claims for fraud and intentional misrepresentation is that the alleged misrepresentations were made by Defendants for the purpose of defrauding Plaintiff. *Yarn*, 2013 WL 5375462, at *9. With respect to Plaintiff's fraud claim, the Complaint is bare of any allegations that the alleged false representations were made for the purpose of defrauding Plaintiff. *See* Compl. ¶¶ 63-81. The failure to plead an intent to defraud on the part of any Defendant is fatal to Plaintiff's fraud claim.

With respect to Plaintiff's intentional misrepresentation claim, Plaintiff asserts a single allegation that the alleged representations "were made with the intent to defraud Plaintiff." Compl. ¶ 90. This allegation, however, is merely a recitation of an element of Plaintiff's cause of action, and is insufficient to support his claim. *Iqbal*, 556 U.S. at 678. Because Plaintiff has not adequately plead that Defendants intended to defraud Plaintiff, his claims for fraud and intentional misrepresentation should be dismissed.

        **3.**      **Plaintiff does not plead damages.**

Plaintiff also does not adequately plead damages with respect to either of his fraud based claims. With respect to his fraud claim, Plaintiff does not plead any damages associated with the alleged false representations. Moreover, with respect to Plaintiff's intentional misrepresentation claim, he alleges that his "harm amounts to potentially millions of dollars." Compl. ¶ 93. As

with almost all of Plaintiff's allegations of loss or damages, his alleged damages are extremely speculative and cannot form the basis of an intentional misrepresentation claim. Accordingly, Plaintiff's claims for fraud and intentional misrepresentation should be dismissed.

### III.     RESPONDEAT SUPERIOR IS NOT A CAUSE OF ACTION.

Count Five of Plaintiff's Complaint is styled as a claim for respondeat superior. Respondeat superior, however, is not a freestanding cause of action. *See Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 601 (D. Md. 2013) ("Further, *respondeat superior* is not a separate cause of action."); *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 n.8 (D. Md. 2012) ("The Court will also dismiss Plaintiffs' respondent [sic] superior claim because there is no separate cause of action for respondent [sic] superior; rather, it is a doctrine that imputes liability for a cause of action to a principal"). Plaintiff's claim for respondeat superior should therefore be dismissed.[5]

### IV.     CONCLUSION

For the forgoing reasons, Defendants Progressive Commercial Casualty Company, Progressive Insurance Company, Progressive Insurance, and United Financial Casualty Company respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, and for any other relief the Court may deem appropriate.

Dated: July 12, 2019

Respectfully submitted,

/s/ Daniel R. Hodges
Daniel R. Hodges (Fed. Bar #28252)

---

[5] To the extent that Plaintiff is asserting a claim for respondeat superior as a means of imposing liability on Progressive for the actions of the Individual Defendants, which is entirely unclear form the Complaint, Plaintiff's claim(s) fail for the reasons discussed above.

Eccleston and Wolf, P.C.
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
Telephone:  410-752-7474
Facsimile: 410-752-0611
hodges@ewmd.com

*Attorneys for Defendants*
*Progressive Commercial Casualty Company,*
*Progressive Insurance Company,*
*Progressive Insurance and United Financial*
*Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.  I further certify that a true and correct copy of the foregoing document was sent to the following counsel of record *via* U.S. Mail on July 12, 2019:

| | |
|---|---|
| **LAW PRACTICE OF KEN C. GAUVEY**<br>Ken C. Gauvey<br>P.O. Box 23691<br>Baltimore, MD 21203<br>Phone:  410-346-2377<br>kgauvey@gauveylaw.com | **BRUCE L. MARCUS**<br>MarcusBonsib, LLC<br>6411 Ivy Lane, Suite 116<br>Greenbelt, MD 20770<br>Phone:  301-441-3000<br>bmarcus@marcusbonsib.com |

/s/ Daniel Hodges
Daniel Hodges (Fed. Bar #28252)