IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| BRIAN SHULMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PROGRESSIVE COMMERCIAL CASUALTY COMPANY, PROGRESSIVE INSURANCE COMPANY, PROGRESSIVE INSURANCE, UNITED FINANCIAL CASUALTY COMPANY, KIRAN S. ROSEN, ESQ., CAMILLA I. MCFARLANE, ESQ., JEFFREY MOFFET, and JOHN DOE DEFENDANTS 1-5,<br><br>*Defendants*. | Case No.: 1:19-cv-01709-DKC |

**DEFENDANTS KIRAN S. ROSEN, ESQ., CAMILLA I. MCFARLANE, ESQ. AND JEFFREY MOFFET, ESQ.'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Kiran S. Rosen, Esq., Camilla I. McFarlane, Esq. and Jeffrey Moffett, Esq., by and through counsel, Bruce L. Marcus, Esq., Sydney M. Patterson, Esq. and MarcusBonsib, LLC hereby submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff Brian Shulman's ("Shulman" or "Plaintiff") Complaint ("Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.      BACKGROUND**

This suit arises from an automobile personal injury action brought against two companies, SCMD, LLC and A&B Holdings, LLC (the "Companies"), on December 23, 2016, in the Circuit Court for Baltimore County, Maryland (the "Personal Injury Action"). Compl. ¶¶ 13, 15, Dkt. No. 1-2. Plaintiff alleges that Defendants Progressive Commercial Casualty

1

Company, Progressive Insurance Company, Progressive Insurance and United Financial Casualty (the "Progressive Defendants") are automobile insurance providers that sell insurance and provide counsel to defend claims brought by third parties against its insured customers. *Id*., ¶¶2–5. Plaintiff further alleges that Defendants Rosen, McFarlane and Moffet (the "Individual Defendants") provided services as in-house counsel for the Progressive Defendants[1] (*Id.,* ¶¶6–8) and "represented" the Companies in the Personal Injury Action.[2] *Id.,* ¶ 14. Plaintiff, however, does not allege that he was a party to the Personal Injury Action, or that he was personally represented by either the Progressive Defendants or the Individual Defendants. Rather, Plaintiff alleges that he was "one of the owners" of the Companies and served as a "corporate designee" for the Companies in the Personal Injury Action. *Id.,* ¶¶ 15, 17).

During the course of the Personal Injury Action, Plaintiff allegedly executed interrogatory responses under penalties of perjury which denied that the automobile accident at issue occurred. *Id*. ¶¶ 19, 20. Later in the Personal Injury Action, Plaintiff allegedly executed an affidavit "accepting liability" for the accident. *Id*. ¶ 22. At trial, Plaintiff was allegedly "called … dishonest and a liar" by the plaintiff's counsel in the Personal Injury Action based on the purported contradictory nature of the sworn statements in the interrogatories and affidavit. *Id*. ¶ 32. The Complaint is devoid of any allegation that the statements made—not by any of the Defendants herein, but rather by Plaintiff's counsel in the Personal Injury Action—were false, and does not otherwise allege that the underlying accident had, in fact, occurred. Instead, based simply on the allegedly contradictory nature of the statements contained in the documents, attested to by Plaintiff himself, complied with purported aspersions made by plaintiff's counsel (a non-party to the instant action) in the Personal Injury Action, Plaintiff asserts claims for class

---

[1] The Progressive Defendants and the Individual Defendants are collectively referred to herein as "Defendants."

[2] Plaintiff also alleges that he was represented by, and asserts claims against John Doe Defendants 1-5.

action incorporating a host of baseless claims including defamation, legal malpractice, fraud and intentional misrepresentation against the Progressive Defendants and the Individual Defendants. Because Plaintiff fails to adequately plead his claims, his Complaint must be dismissed.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PRODUCE 12(b)(6).

In deciding a motion to dismiss pursuant to FRCP 12(b)(6), the Court is to accept all well-pled facts as true. To withstand a motion to dismiss, the burden is on Plaintiff to allege facts that raise a right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (while "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012). In order to avoid dismissal, Plaintiff must allege "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. Factual allegations that are "merely consistent with" or that are simply "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The necessity of ensuring that a complaint contains factual allegations stating a "plausible" claim for relief is particularly important when a plaintiff seeks to bring a "potentially massive . . . controversy" through multi-state class action litigation, like Plaintiff does here. *Bell Atl. Corp.*, 550 U.S. at 558.

### A. Plaintiff's Defamation Claim Should Be Dismissed

To state a claim for defamation under Maryland law "a plaintiff must establish four elements: (1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Henderson v. Claire's Stores, Inc.,* 607 F. Supp.2d 725 (D. Md. 2009). While Maryland common law recognizes two categories of defamation—

3

defamation *per se* and defamation *per quod*—Plaintiff attempts to plead a defamation *per quod* cause of action.[3] *See Haskins v. Bayless,* 440 F.Supp.2d 455 (D. Md. 2006).

In the case of words of conduct actionable *per* se, the injurious character of the statement is a self-evident fact of common knowledge for which a court takes judicial notice and further proof need not be pleaded or proved. *Id.* at 461. In the case of words or conduct actionable only *per quod*, the injurious effect of the statements must be established by allegations and proof of special damage and in such cases it is not only necessary to plead and show that the words or actions were defamatory, but it must also appear that such words or conduct caused actual damage. *Id.* at 462-462.

A statement qualifies as defamation *per quod* where the defamatory nature of the statement is shown by extrinsic facts and innuendo. *Gooch v. Maryland Mechanical Systems, Inc.*, 81 Md.App. 376, 567 A.2d 954 (1990). The distinction between defamation *per* se and defamation *per quod* is that to recover the plaintiff must first show that the publication is defamatory. Where the words themselves impute the defamatory character, no innuendo—no allegation or proof of extrinsic facts—is necessary, but otherwise it is. *Id.* at 392. This is both a pleading rule and an evidentiary requirement. *Id.* However, where extrinsic facts must be shown in order to establish the defamatory character of the words sued upon, the omission to plead these facts renders the complaint demurrable for failure to state a cause of action. *Id.*

The determination of whether an alleged defamatory statement is defamatory *per se* or defamatory *per quod* is a matter of law. *Haskins,* at 462.

Plaintiff's defamation *per quod* claim fails to state a claim for which relief may be

---

[3] Statements defamatory *per se* are those in which the defamatory quality is apparent from the words themselves and is self-evident. *Henderson v. Claire's Stores, Inc.,* 607 F.Supp. 725 (D. Md. 2009). Plaintiff does not allege defamation *per se* because the basis of his defamation claim is contradictory statements in court proceedings, not specific words themselves.

4

granted for the following reasons: (1) Plaintiff fails to identify the speaker or sponsor of any statement, defamatory or not; (2) Plaintiff fails to identify any statement from a Defendant that is defamatory; (3) Plaintiff fails to allege the falsity of the unidentified statement attributable to the individual speaker or sponsor of the defamatory statement; (4) that the statement, having been made in the context of litigation is subject to the absolute litigation privilege which bars Plaintiff's claim; and (5) that Plaintiff's claim for defamation would be barred by the applicable statute of limitations.

### 1. Plaintiff does not sufficiently plead a claim for defamation[4]

Plaintiff fails to adequately plead the elements of a defamation claim. First, Plaintiff does not plead or identify the existence of a defamatory statement. Defamatory statements are those "that tend to expose a person to 'public scorn, hatred, contempt, or ridicule,' which, as a consequence, discourages 'others in the community from having a good opinion of, or association with, that person.'" *Piscatelli v. Van Smith*, 424 Md. 294, 306, 35 A.3d 1140, 1147 (2012) (quoting *Brodie,* 407 Md. at 441, 966 A.2d at 448). Plaintiff alleges that Defendants jointly "caused to be published a statement to the public … in the form of answers to interrogatories and an affidavit." Compl. ¶ 41. Plaintiff does not allege what about the interrogatories or attestation he signed was defamatory. *Doe v. Salisbury Univ.*, 123 F.Supp.3d 748, 758 (D. Md. 2015).

To satisfy federal pleading standards, a plaintiff must specifically allege each defamatory statement. *See also*, *Doe v. Ocwen Loan Servicing, LLC*, 129 F.Supp.3d 249 (D. Md. 2015). Although a plaintiff in a defamation action need not plead claims under the heightened pleading

---

[4] While not offered as precedent to support the legal arguments on the Plaintiff's failure to properly plead claims for defamation, Defendants submit for the Court's consideration Plaintiff's familiarity with arguments on pleading requirements governing claims of defamation. *See, Shulman v. Rosenberg,* 2017 WL 5172642, attached hereto as Appx. 1.

5

requirements of FRCP 9(b), the pleadings in a defamation case must still be sufficiently detailed to enable a defendant to appropriately respond. *Id.* Because Plaintiff merely makes general reference to the contradictory nature of the "affidavit" and interrogatory responses, and does not allege what defamatory statement was made or who made the defamatory statements, Plaintiff fails to adequately plead his claim.

Second, Plaintiff does not allege a false statement. *Batson*, 325 Md. at 726, 602 A.2d at 1213. Plaintiff alleges that Defendants "submitted to the public a false statement that either the accident subject to the litigation in Case No.: 24-C-007017, both happened and didn't happen." Compl. ¶ 42. Even assuming the interrogatory responses and affidavit contradict each other with respect to whether the accident occurred, which Defendants do not concede, Plaintiff does not identify which document contains a false statement. Moreover, Plaintiff's Complaint is bereft of any allegations concerning whether it is now the Companies' position that the underlying accident forming the basis for the Personal Injury Action did or did not occur. Thus, Plaintiff has not alleged whether the statements in the affidavit or interrogatory responses are false, a crucial element of his claim. At best, Plaintiff alleges that the documents contain contradictory statements, which, as a matter of law, is not sufficient to support claims for defamation. Extrinsic facts have not been sufficiently alleged in the Complaint to establish the defamatory character of the words or conduct. *Independent Newspapers, Inc. v. Brodie*, 407 Md. 415, 966 A.2d 432 (2009).

Third, Plaintiff does not adequately allege that any particular Individual Defendant made the statement to a third person or was legally responsible for making the statements. Plaintiff does not allege that any of the Individual Defendants made any defamatory statements to any third persons, but instead alleges that the statement was made by plaintiff's counsel in the

Personal Injury Action at trial. Compl. ¶¶ 32-33. It is axiomatic that the failure of Plaintiff to allege the actual identity of the speaker or sponsor of the alleged defamatory statement is fatal to his cause.

Further, Plaintiff does not allege that Defendants were negligent in making any alleged statements or that any of the alleged statements were made with malice. Fault for the purposes of a prima facie case of defamation may be based either on negligence or constitutional malice. *Shapiro v. Massengill*, 105 Md.App. 743, 661 A.2d 202 (1995). Constitutional malice or actual malice is established when plaintiff shows, by clear and convincing evidence, that defendant published the statement at issue either with reckless disregard for its truth or with actual knowledge of its falsity. *Id.* at 772. Plaintiff merely asserts that "Defendants were legally at fault for making the statements." Compl., ¶43. This assertion fails because the Complaint assigns blame, liability and responsibility for the alleged defamatory statements to persons other than the Individual Defendants. Plaintiff's allegation that there was a non-party to this action that published defamatory statements and his bare recitation of the elements of the cause of action are legally insufficient to support any claim for defamation against the Individual Defendants.

Finally, Plaintiff fails to adequately plead harm. In defamation *per quod* claims "[d]amages based only on 'speculation or conjecture are not recoverable and, at the motion to dismiss stage, damages must be alleged at least with sufficient particularity to put the defendant on notice of the manner, nature and extent of injury. *Wineholt v. Westinghouse Electric Corp.*, 59 Md.App. 443, 476 A.2d 217 (1984). It is not possible to recover damages by simply alleging defamation *per se* or *per quod*; to be sufficient, a pleading must show a basis for believing that plaintiff has sustained an actual injury. *Id.*

In the instant matter, Plaintiff alleges that he suffered "public scorn of having been called a liar and dishonest and is at risk of this same conduct in every existing, pending, and potential litigation in the future." Compl. ¶ 44. This ethereal allegation of damages predicated on some potential future event, however, is "wholly unsupported by any specific facts and, therefore, amounts to pure 'speculation and conjecture.'" *See, Kieban v. Eghari-Saber,* 174 Md.App. 60, 920 A.2d 606 (2007). Plaintiff fails to allege any facts relating to how he was harmed during the court proceeding or that anyone outside the underlying litigation even knew of the allegedly contradictory statements or statements by plaintiff's counsel. Accordingly, the Complaint fails to allege actual damages as required in claims for defamation *per quod* and must be dismissed.

2. **Plaintiff's claim is barred by the absolute litigation privilege.**

Maryland common law recognizes an absolute privilege for attorneys who publish allegedly defamatory material during the course of a judicial proceeding. *Holt v. Camus,* 128 F.Supp.2d 812 (D. Md.1999); *Rosenberg v. Helinski*, 328 Md. 664, 676, 616 A.2d 866, 871 (1992). Even assuming the allegedly offensive statements were uttered by any of the Individual Defendants, which they were not, statements uttered in the course of a trial or contained in pleadings, affidavits, depositions and other documents directly related to a case are governed by this privilege and cannot serve as the basis for an action for defamation. *Holt, id.* at 815 (citing *Gill v. Ripley*, 352 Md. 754, 761—62, 724 A.2d 88, 92 (1999)). The privilege is "broad and comprehensive" and applies irrespective of whether the statements contain erroneous allegations of fact. *Keys v. Chrysler Credit Corp.,* 303 Md. 397, 494 A.2d 200 (1985).

Notwithstanding that Plaintiff has failed to adequately plead his defamation claim, all of Plaintiff's allegations of defamation pertain to statements allegedly attributable to the corporate defendants in the Personal Injury Action, and not to him personally, contained in interrogatory

8

responses or an affidavit directly related to the Personal Injury Action, and allegedly provided to opposing counsel during the course of that litigation. *See* Compl. ¶¶ 15, 19, 21-22, 31-32, 41-42. These statements are subject to the absolute litigation privilege and cannot form the basis of a defamation claim. Accordingly, Plaintiff's defamation claim fails as a matter of law.

### 3. Plaintiff's defamation claim is barred by the statute of limitations.

The applicable limitations period for defamation claims is one year. It accrues at the time that the alleged defamatory statement is made, or, at the latest, when the plaintiff knows or reasonably should have known that the statement was made, regardless of whether the harm allegedly suffered occurs at a later date. *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.*, 566 F.Supp.2d 460, 464 (D. Md.2008); Md. Code Ann., Cts. & Jud. Proc. Art., § 5–105. To the extent that Plaintiff's defamation claim is based on the interrogatory responses described in the Complaint, the responses were verified and provided to opposing counsel on May 5, 2017, nearly 2 years prior to initiation of this suit. Plaintiff's claim is therefore time barred.

### B. Plaintiff's Claim for Legal Malpractice Fails to Set Forth A Claim for Which Relief May Be Granted and Must Be Dismissed.

To state a claim for legal malpractice under Maryland law, Plaintiff must demonstrate "(1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) loss to the client proximately caused by that neglect of duty." *Thomas v. Bethea*, 351 Md. 513, 528–29, 718 A.2d 1187 (1998). The Complaint fails to adequately plead any of these elements.

### 1. Plaintiff Has Not Adequately Pled His Legal Malpractice Claim.

9

First, Plaintiff does not allege that he was a client of either the Progressive Defendants or the Individual Defendants.[5] "As a general rule, an attorney owes a duty of diligence and care only to his client/employer." *Goerlich v. Courtney Industries, Inc.*, 84 Md. App. 660, 581 A.2d 825 (1990). Maryland adheres to the strict privity rule, and as such only a client or employer can recover against an attorney for professional negligence. *See, Kendall v. Rogers*, 181 Md. 606, 31 A.2d 312 (1943); *Noble v. Bruce*, 349 Md. 730, 709 A.2d 1264 (1998) (noting that, "in attorney malpractice cases, Maryland generally adheres to the strict privity rule").[6] Plaintiff expressly states that the Defendants represented A&B Holdings, LLC and SDMD, LLC in the Personal Injury Action that forms the basis of Plaintiff's allegations. Compl. ¶¶ 13, 14. Since Plaintiff has not alleged that he was the client of or was otherwise represented by the Individual Defendants, his claim for legal malpractice fails as a matter of law.

While Plaintiff alleges that he was "one of the owners" and "corporate designee" of the Companies represented by the Individual Defendants, Maryland law is clear that a right of action held by a company does not extend to the owner of that company. *Norman v. Broison*, 192 Md.App. 405, 994 A.2d 1019 (2010). ("Where [a] company holds a right of action in tort … th[e] right does not extend to the company's owners, just as a cause of action that belongs to an owner individually [does] not extend to the company." *Id.* at 422.) It is axiomatic that "owners" of a company could be shareholders, members or partners. Their status as an "owner" does not

---

[5] Plaintiff asserts his claim for legal malpractice against "Defendants" generally. To the extent Plaintiff is asserting a claim for legal malpractice against Progressive directly, that claim would fail on its face as Progressive is not an attorney. To the extent Plaintiff is asserting a claim for legal malpractice against Progressive under a vicarious liability standard, that claim also fails for the above reasons.

[6] The sole exception that Maryland courts have recognized to the strict privity rule in professional negligence cases is the third party beneficiary theory, which requires a plaintiff to "allege and prove that the intent of the client to benefit the non-client was a direct purpose of the transaction or relationship [between the client and the attorney]." *Flaherty v. Weinberg*, 303 Md. 116, 492 A.2d 618 (1985). The test for third-party recovery is "whether the intent to benefit actually existed, not whether there could have been an intent to benefit the third party." *Id.* at 130-31. Here, Plaintiff fails to allege that he was an intended beneficiary of the relationship between the Companies and the Defendants.

create an attorney-client relationship where, as in this case, the clients were business organizations sued based on their status as viable, separate legal "persons". Accordingly, Plaintiff has not adequately pled that he was a client of the Individual Defendants such that he can plead a legal malpractice claim.

Second, Plaintiff does not adequately allege a breach of duty. "To maintain an action for professional [or any form of] negligence, a plaintiff must first satisfy the threshold requirement of alleging and proving the existence of a duty between the plaintiff and defendant." *Goerlich, id.* at 663; *Doe v. Pharmacia & Upjohn Co.*, 388 Md. 407, 679 A.2d 1088 (2005) (noting that a threshold question in a negligence action is whether the defendant owes a legally cognizable duty to the injured plaintiff). *Id.* at 414; *Flaherty v. Weinberg*, 303 Md. 116, 492 A.2d 618 (1985) (holding that, "regardless of whether a plaintiff brings an attorney malpractice action in contract or tort, he must allege and prove the existence of a duty between the plaintiff and defendant in the first instance"). *Id.,* at 134. As discussed above, Plaintiff does not allege, and is not in fact, the client of the Individual Defendants. Accordingly, Defendants do not owe a duty to Plaintiff. *Goerlich*, at 663. Plaintiff fails to allege any duty owed to Plaintiff that would support his claim for legal malpractice. Accordingly, Plaintiff's claim for legal malpractice must be dismissed.

Finally, Plaintiff does not adequately allege any damages. Plaintiff alleges that as a result of the purported malpractice of the Individual Defendants he is "now subject to allegations of perjury in all future judicial proceedings." Compl. ¶62. Setting aside that this assertion is unsupported, Plaintiff's "damages" are at best highly speculative. *Kleban v. Eghrari–Sabet*, 174 Md. App. 60, 920 A.2d 606 (2007) (finding damages based on "speculation or conjecture are not recoverable"), *Id* at 95.; *Pickett, Houlon & Berman v. Haislip*, 73 Md.App. 89, 533 A.2d 287 (1987) (noting damages in legal malpractice actions must be proven with reasonable

11

particularity). Because Plaintiff fails to adequately pled damages arising from any alleged malpractice, Plaintiff's claim must be dismissed.

### C. Plaintiff's Claims for Fraud and Intentional Misrepresentation Must be Dismissed.

To prevail on a fraud or intentional misrepresentation claim under Maryland law, Plaintiff must prove that: (1) a representation made by a party was false; (2) its falsity was known to that party or the misrepresentation was made with such reckless indifference to truth to impute knowledge to him; (3) the misrepresentation was made for the purpose of defrauding the plaintiff; (4) the plaintiff relied upon the misrepresentation and had the right to rely upon it with full belief of its truth; and (5) the plaintiff suffered damage directly resulting from the misrepresentation. *Suburban Properties Mgmt. v. Johnson,* 236 Md. 455, 204 A.2d 326 (1964); and *Hoffman v. Stamper*, 385 Md. 1, 28, 867 A.2d 276, 292 (2005).

Plaintiff's fraud or intentional misrepresentation claim is subject to FRCP 9(b)'s heightened pleading standard. *In re Municipal Mortg. & Equity, LLC, Securities and Derivative Litigation*, 876 F.Supp.2d 616 (2012). Rule 9(b) requires that "the circumstances constituting fraud be stated with particularity" such that a plaintiff identifies with precision the date, place and time of active misrepresentations or the circumstances of the active concealments. *Johnson v. Wheeler*, 492 F.Supp 2d 492, 509 (D.Cd. 2007). The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1074 (D. Md. 1991). To satisfy this rule, Plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments, specifying which Defendant or Defendants is or are supposedly responsible for those statements or omissions." *Johnson, id.* at 509. Plaintiff fails to meet this heightened level of precision.

### 1. Plaintiff does not plead his fraud claim with particularity.

Plaintiff's claims for fraud and intentional misrepresentation must be dismissed because they fail to meet the requirements of FRCP 9(b) and fail to set forth claims with particularity. Plaintiff has not pled the contents of the false representation or the identity of the person making the representation with the required level of particularity. First, Plaintiff attributes allegedly false representations that underpin his claims to multiple defendants, including five unnamed "John Doe Defendants," without identifying which of the named Defendants allegedly made the representations at issue. Moreover, Plaintiff fails to identify the specific representation made to him and does not identify with any precision the "date, place and time" of the allegedly false representations. *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). Similarly, and as discussed more fully below, Plaintiff does not plead damages with particularity. Defendants are left to speculate the details of what the representation was, who made the alleged representation, when and where those representations were made, and how Plaintiff was harmed by those representations. Because Plaintiff's claims are not plead with particularity, they must be dismissed.

### 2. Plaintiff does not plead an intention to defraud.

An essential element of both Plaintiff's claims for fraud and intentional misrepresentation is that the Defendants made several false representations to Plaintiff in order to coerce him to sign contradictory, sworn statements subject to penalties of perjury. With respect to Plaintiff's fraud claim, the Complaint is bare of any allegations that the allegedly false representations, if any, were made for the purpose of defrauding Plaintiff. The failure to plead any intent to defraud on the part of any Defendant is fatal to Plaintiff's fraud claim.

With respect to Plaintiff's intentional misrepresentation claim, Plaintiff asserts a single allegation that the alleged representations "were made with the intent to defraud Plaintiff." Compl. ¶ 90. This allegation, however, is merely a recitation of the elements of Plaintiff's cause of action, and is insufficient to support his claim. *Bell Atl. Corp.*, 556 U.S. at 678. Because Plaintiff has not adequately pled that Defendants intended to defraud Plaintiff, his claims for fraud and intentional misrepresentation must be dismissed.

### 3. Plaintiff fails to allege damages with any certainty.

Plaintiff also fails to allege any specific damages with respect to either of his fraud-based claims. Plaintiff does not plead any damages associated with the alleged false representations. Rather, he simply alleges that Defendants "regularly have their insureds sign affidavits that contradict sworn interrogatory responses and submit contradictory documents subject to public inspection to the benefit of the corporate defendants to the detriment of their insureds, who are now subject to allegations of perjury in all future judicial proceedings." Compl. ¶62. Subjecting insureds to perjury in future judicial proceedings as an item of damage is purely speculative. Moreover, with respect to Plaintiff's intentional misrepresentation claim, he alleges that his "harm amounts to potentially millions of dollars." Compl. ¶ 93. Plaintiff's damages are extremely speculative and cannot form the basis of claims for fraud and intentional misrepresentation. Accordingly, Plaintiff's claims for fraud and intentional misrepresentation must be dismissed.

## III. CONCLUSION

For the forgoing reasons, Defendants Kiran S. Rosen, Esq., Camilla I. McFarlane, Esq. and Jeffrey Moffett, Esq. respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, and for any other relief the Court may deem appropriate.

Dated: July 12, 2019

    Respectfully submitted,

    MarcusBonsib, LLC

    /s/ Bruce L. Marcus, Esq.
    Bruce L. Marcus, Esq., #06341
    bmarcus@marcusbonsib.com
    CPF #7911010217
    Sydney M. Patterson, Esq., #19036
    spatterson@marcusbonsib.com
    CPF #1112150009
    6411 Ivy Lane, Suite 116
    Greenbelt, Maryland 20770
    Telephone: 301-441-3000
    Facsimile: 301-441-3003

    ***Attorneys for Defendants***
    ***Kiran S. Rosen, Esq.***
    ***Camilla I. McFarlane, Esq.***
    ***Jeffrey Moffett, Esq.***

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 12, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the Court's CM/ECF system. I further certify that a true and correct copy of the foregoing document was sent to the following counsel of record *via* U.S. Mail on July 12, 2019:

| | |
|---|---|
| **LAW PRACTICE OF KEN C. GAUVEY** | **DANIEL R. HODGES** |
| Ken C. Gauvey | Eccleston and Wolf, P.C. |
| P.O. Box 23691 | 7240 Parkway Drive, 4th Floor |
| Baltimore, MD 21203 | Hanover, Maryland 21076 |
| Phone: 410-346-2377 | Phone: 410-752-7474 |
| kgauvey@gauveylaw.com | hodges@ewmd.com |

                                              /s/ Bruce L. Marcus, Esq.
                                              Bruce L. Marcus, Esq.