IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN SHULMAN                           :
                                        :
                                        :
   v.                                   :  Civil Action No. DKC 19-1709
                                        :
PROGRESSIVE COMMERCIAL CASUALTY         :
COMPANY, et al.                         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this putative class action for defamation, legal malpractice, and fraud are the motions to dismiss filed by Defendants Progressive Commercial Casualty Company, Progressive Insurance Company, Progressive Insurance, and United Financial Casualty Company (collectively "Progressive" or the "Progressive Defendants"), (ECF No. 8) and Kiran S. Rosen, Camilla I. McFarlane, and Jeffrey Moffett (the "Individual Defendants"), (ECF No. 10). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions to dismiss will be granted.

**I.   Background**

Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

On December 23, 2016, SCMD, LLC and A&B Holdings, LLC (the "Companies") were sued in the Circuit Court for Baltimore County. (ECF No. 3, ¶ 13). The case (the "Personal Injury Action") related to an alleged car accident. (*Id.*). Progressive, as the Companies' insurer, provided its own in-house counsel, namely the Individual Defendants, to defend the Companies. Mr. Shulman was not himself a party to the Personal Injury Action, but, as one of the owners of the Companies, was asked, as the corporate designee, to execute answers to interrogatories in the course of the Personal Injury Action.

In those interrogatory answers, allegedly prepared at the behest of Progressive and the Individual Defendants, Mr. Shulman denied that the accident at the core of the Personal Injury Action ever occurred. Progressive and the Individual Defendants then changed strategy: on the eve of trial, the Defendants decided not to contest liability. Instead, they urged Mr. Shulman, again on behalf of the Companies, to sign an affidavit accepting liability for the accident. Defendants persuaded Mr. Shulman to do so by telling him that, were he not to sign the affidavit, "he" could be subject to damages beyond his insurance limits. Mr. Shulman alleges that he was afraid of the contradictory nature of the interrogatories and the affidavit: in the former, he denied that the accident ever occurred, while in the latter, he accepted liability. Defendants allegedly assuaged these fears by telling

Mr. Shulman that neither the interrogatories nor the affidavit would be admissible at trial.  Defendants, however, went on to provide the affidavit to plaintiff's counsel in the Personal Injury Action, and then failed to object when plaintiff's counsel used these contradictory statements to call Mr. Shulman "dishonest and a liar."

Mr. Shulman claims that he is the frequent target of vexatious litigation and that his contradictory statements in the Personal Injury Action threaten his credibility in future litigation, opening him up potentially to millions of dollars in future damages.

Mr. Shulman filed this case in the Circuit Court for Baltimore County on May 1, 2019 as a putative class action, and Defendants removed it to this court on June 11, 2019 under the Class Action Fairness Act, 28 U.S.C. § 1332, (ECF No. 1).  Progressive filed its motion to dismiss on July 12, 2019, (ECF No. 8) and the Individual Defendants filed their motion to dismiss on the same day, (ECF No. 10).  Mr. Shulman filed a single response in opposition on August 12, 2019, (ECF No. 17), and each set of Defendants has replied, (ECF Nos. 18, 19).

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's

complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). There must be more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

A fraud claim is subject to the heightened pleading standard of Fed.R.Civ.P. 9(b). *Harrison*, 176 F.3d at 783. Rule 9(b) provides that, "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." The circumstances required to be pleaded with particularity "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained

4

thereby.'" *Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F.Supp.2d 298, 313-14 (D. Md. 2000) (quoting *Windsor Assocs., Inc. v. Greenfeld*, 564 F.Supp. 273, 280 (D. Md. 1983)). The purposes of Rule 9(b) are to provide the defendant with sufficient notice of the basis for the plaintiff's claim; to protect the defendant against frivolous suits; to eliminate fraud actions where all the facts are learned only after discovery; and to safeguard the defendant's reputation. *Harrison*, 176 F.3d at 784.

**III. Analysis**

Plaintiff has alleged five counts against Defendants: (1) defamation, (2) legal malpractice, (3) fraud, (4) intentional misrepresentation, and (5) respondeat superior. (ECF No. 3, at 7-15). All are deficient and all will be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

    **A.    Defamation**

Under Maryland law, defamation has four elements: (1) the defendant made a defamatory statement to a third person, (2) the statement was false, (3) the defendant was legally at fault in making the statement, and (4) the plaintiff thereby suffered harm. *Offen v. Brenner*, 402 Md. 191, 198 (2007). A statement is defamatory if it "tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person." *Id.* (quoting *Gohari v. Darvish*, 767 A.2d 321, 217 (Md. 2001)).

Maryland continues to recognize the distinction between defamation *per se* and defamation *per quod*. *Independent Newspapers, Inc. v. Brodie*, 407 Md. 415, 441 (Md. 2009). The Court of Appeals of Maryland has described that distinction as follows:

> [T]he only distinction remaining in Maryland between a libel per se and a libel per quod is that to recover the plaintiff must first show that the publication is defamatory. Where the words themselves impute the defamatory character [*per se*], no innuendo – no allegation or proof of extrinsic facts – is necessary; but otherwise, it is [*per quod*]. This is both a pleading rule and an evidentiary requirement. Where extrinsic facts must be shown in order to establish the defamatory character of the words sued upon, the omission to plead them makes the complaint demurrable for failure to state a cause of action. Failure to prove them would justify a directed verdict.

*Metromedia, Inc. v. Hillman*, 285 Md. 161, 171 (1979).

Both the Progressive Defendants and the Individual Defendants contend that Mr. Shulman's claims sound exclusively in *per quod* defamation. (ECF No. 8-1, at 3-4; ECF No. 10-1, at 4). Mr. Shulman contests this assertion: he argues that "Defendants coerced Plaintiff into signing an affidavit wherein Plaintiff was accused of lying under oath, i.e. committed perjury." (ECF No. 17, at 1-2). Plaintiff points to paragraphs 20-24 of the complaint to support this reading of his defamation claim. But those paragraphs include no allegations about any Defendants accusing Mr. Shulman of lying under oath. All that Mr. Shulman alleges is

6

that Defendants convinced him to execute an affidavit that contradicted Mr. Shulman's answers to earlier interrogatories. Only at trial was Mr. Shulman actually accused of anything approaching perjury, when plaintiff's counsel in the Personal Injury Action "repeatedly called Mr. Shulman dishonest and a liar based on these two documents." (ECF No. 3 ¶ 32).

Mr. Shulman has not actually alleged a defamatory statement. Rather, Mr. Shulman's complaint alleges that Defendants coerced Mr. Shulman into contradicting himself, thus opening the door for someone else to call him "dishonest and a liar[.]" What is more, Mr. Shulman does not describe exactly *how* the affidavit and the interrogatories contradicted one another. He simply asserts that he denied that the accident occurred in the interrogatories, (*id*. ¶ 19), and accepted liability in the affidavit, (*id*. ¶ 22). There is no allegation that either document – both of which Mr. Shulman signed under penalty of perjury – contained anything "defamatory."

"To satisfy federal pleading standards, a plaintiff must specifically allege each defamatory statement." *Doe v. Salisbury Univ.*, 123 F.Supp.3d 748, 757 (D.Md. 2015). Mr. Shulman has not met this bar: even if it were clear that Mr. Shulman's two contradictory answers actually did rise to the level of perjury, and even if it were clear that Defendants had indeed coerced him into contradicting himself, Mr. Shulman does not allege that any of the Defendants actually accused him of perjury, or indeed made

any defamatory statement at all.  The only "statements" at issue are Mr. Shulman's own.  Coercing a witness into giving false or contradictory testimony might give rise to a cause of action, but in this case, not a cause of action for defamation.

Finally, the Individual Defendants argue that the statute of limitations bars Plaintiff's defamation claim.  (ECF No. 10-1, at 9).  A motion to dismiss pursuant to 12(b)(6) does not generally permit an analysis of potential defenses a defendant may have to the asserted claims.  However, dismissal may be appropriate when a meritorious affirmative defense is clear from the face of the complaint.  *Brooks v. City of Winston–Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 250 (4th Cir. 1993)).  "The statute of limitations is an affirmative defense that should only be employed to dismiss claims pursuant to Rule 12(b)(6) when it is clear from the face of the complaint that the claims are time barred."  *Long v. Welch & Rushe, Inc.*, 28 F.Supp.3d 446, 456 (D.Md. 2014) (citations omitted).  The burden is on the party asserting the defense to plead and prove it.  *See Newell v. Richards*, 323 Md. 717, 725 (1991) ("As a general rule, the party raising a statute of limitations defense has the burden of proving that the cause of action accrued prior to the statutory time limit for filing suit."). Given the ambiguities surrounding the actual "statement" on which Plaintiff bases his defamation claim, it is not clear

8

from the face of the complaint that the statute of limitations bars this cause of action.

**B.  Legal Malpractice**

To state a claim for legal malpractice under Maryland law, a plaintiff must demonstrate (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) loss to the client proximately caused by that neglect of duty.  *See Thomas v. Bethea*, 718 A.2d 1187, 1195 (Md. 1998).  Maryland adheres to the strict privity rule in legal malpractice cases.  *Noble v. Bruce*, 349 Md. 730, 737 (1998).  Under that rule, only actual clients may bring claims for legal malpractice against their attorneys.  Third parties are categorically barred from doing so.  *Id*. at 1268-69.

Plaintiff does not allege that he was a client of any of the Defendants; rather, he asserts that he was an "owner" and the "corporate designee" of the Companies, which themselves were clients of Defendants.  (ECF No. 3 ¶¶ 15, 17).  "[W]here the company holds a right of action in tort, this right does not extend to the company's owners[.]"  *Norman v. Borison*, 192 Md.App. 405, 422 (2010).  Mr. Shulman may not bring a legal malpractice claim against any of the Defendants.

Mr. Shulman's arguments to the contrary are flawed.  He suggests first that because certain ethical rules forbid attorneys from "us[ing] methods of obtaining evidence that the attorney knows violate the legal rights of [a third person,]" the Individual

9

Defendants owed a duty to Mr. Shulman. (ECF No. 17, at 4-5). Plaintiff can cite no law to support this theory, and Maryland courts' continued use of the strict privity rule flatly contradicts it. Mr. Shulman also suggests that he "intends to amend the complaint to include SCMD, LLC and A&B Holdings, LLC as plaintiffs in this matter[.]" (*Id*. at 4 n. 1). Mr. Shulman has not filed a motion for leave to amend and even if he had, a prospective amended complaint is not enough to prevent dismissal of a legally untenable claim.

    **C.    Fraud and Intentional Misrepresentation**

Plaintiff brings separate claims of fraud and intentional misrepresentation, but the elements of these two claims are one and the same: in either claim, a plaintiff must show (1) that the defendant made a false representation to the plaintiff; (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. *See Sass v. Andrew*, 152 Md.App. 406, 429 (2003) (elements of fraud); *Brass Metal Products, Inc. v. E-J Enterprises, Inc.*, 189 Md.App. 310, 352 (2009) (elements of

intentional misrepresentation). These combined claims are subject to the heightened pleading standard of Fed.R.Civ.P. 9(b).

Plaintiff has not pleaded his claim with sufficient particularity. Mr. Shulman asserts that the Individual Defendants told him that "he would be subject to significant financial damages, and that Progressive would not protect him from that liability" unless he signed two contradictory statements. (ECF No. 3, ¶ 66). He further asserts that the Individual Defendants told him "that the sworn statements that contradicted each other would not be made to the public and would not be admissible at trial." (*Id*. ¶ 68). Mr. Shulman baldly asserts that these statements were made "with the intention to defraud."

But Mr. Shulman nowhere includes the time or place of these misrepresentations; Mr. Shulman does not indicate who, specifically, made the misrepresentations; and Mr. Shulman nowhere indicates what Defendants gained through this alleged fraud. *See Tandem Nat'l Mortg., Inc.*, 197 F.Supp.2d at 313–14. Indeed, Mr. Shulman brings this claim against five "John Doe" defendants working on the Defendants' legal team.

Finally, Mr. Shulman has neither alleged a cognizable theory of damages, nor has he established that he had the "right to rely" on Defendants' statements. As to the latter, whether a plaintiff has the "right to rely," "turns on whether these assertions were more than a 'statement of opinion, judgment or expectation.'"

11

*Goldstein v. Miles*, 159 Md.App. 403, 435 (Md. 2004) (citing *Buschman v. Codd*, 52 Md. 202, 207 (1879)). Particularly with regard to assertions about future liability, Mr. Shulman has not suggested that the Individual Defendants were doing anything other than sharing their opinion about the likely outcome of a particular litigation strategy.

Given the flaws in Mr. Shulman's fraud and intentional misrepresentation claims, these counts will be dismissed.

### D. Respondeat Superior

Plaintiff's final claim is for "respondeat superior." (ECF No. 3 ¶¶ 94-99). Respondeat superior is not a freestanding cause of action. *See Sterling v. Ourisman Chevrolet of Bowie, Inc.*, 943 F.Supp.2d 577, 601 (D.Md. 2013). This claim will be dismissed.

## IV. Conclusion

For the foregoing reasons, the motions to dismiss filed by both the Individual Defendants and the Progressive Defendants will be granted. However, as Plaintiff has stated that he intends to file a motion for leave to amend and any subsequent amendment would be his first, Mr. Shulman will be given an opportunity to seek leave to amend his complaint. Plaintiff may have 21 days within which to file a motion for leave to amend. Mr. Shulman is cautioned that he should only seek amendments if he can validly allege additional facts that will establish, consistent with this memorandum opinion, that he is entitled to relief under these

12

causes of action.  If no motion is filed, the dismissal will become with prejudice.  A separate order will follow.

                                                 /s/
                              DEBORAH K. CHASANOW
                              United States District Judge